IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEZORAL JENKINS          )
                         )
     v.                  )  NO. 3:12-0062
                         )
METRO BOARD OF EDUCATION, et al.  )


TO:  Honorable Aleta A. Trauger, District Judge


# REPORT AND RECOMMENDATION

By Order entered January 17, 2012 (Docket Entry No. 3), this action was referred to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions, and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court are Defendant Metro Nashville Board of Education's Motion to Dismiss (Docket Entry No. 7) and Motion to Dismiss the Amended Complaint (Docket Entry No. 11). The plaintiff has filed a response in opposition to the motions. See Docket Entry No. 33. Set out below is the Court's recommendation for disposition of the motions and the action.

## I. BACKGROUND

This action was filed on January 11, 2012, by the pro se plaintiff, who states that she is "filing concerning E.E.O.C. states disability, retaliation, and race." See Complaint (Docket Entry No. 1), at 1. The plaintiff is a former teacher with the Metro Nashville Board of Education ("Metro") who was terminated from her employment on April 16, 2009. She contends that she suffers from Fibromyalgia which caused issues with her employment with Metro as far back as

2002.  Attached to the complaint is the plaintiff's EEOC charge, filed on October 5, 2011, against Metro alleging race and disability discrimination and retaliation and stating, in part:

> I was hired as a teacher in 1992.  Effective April 16, 2009, I was terminated for alleged performance issues and excessive absenteeism. My absences were due to my medical condition.
>
> I have suffered the last three years without pay during my attempts to appeal my discharge.

See Docket Entry No. 1-1, at 4.  Also attached to the Complaint is the right to sue letter, dated October 6, 2011, reflecting that her EEOC charge was not timely filed, id. at 1, and 367 pages of supporting documents.  See Docket Entry Nos. 1-2 through 1-4.  In addition to naming Metro as a defendant, the plaintiff also lists 18 individuals,[1] who are either Metro employees or school board members.  See Complaint, at 3.  The plaintiff subsequently filed an Amended Complaint "asking for a motion to add" 10 additional individuals[2] and seeking to remove Steve Glover and David Fox as defendants.  See Docket Entry No. 6.  In neither the Complaint nor the Amended Complaint does the plaintiff make any specific factual allegations against any of the individually named defendants.

In lieu of an answer, Metro filed a motion to dismiss the action asserting that any employment discrimination or retaliation claims brought by the plaintiff based upon her termination from employment on April 16, 2009, should be dismissed as untimely filed because the plaintiff's charge of discrimination was not filed within 300 days of the termination as required by applicable law.  See Docket Entry No. 7.  Additionally, Metro seeks dismissal of the Amended Complaint on the grounds that any claims construed to be alleged in the Amended Complaint, although none are specifically asserted in the Amended Complaint, are presumably related to the original Complaint. See Docket Entry No. 11.

---

[1]Dr. Jesse Register, Dr. June Keel, Brenda Steele, Dianne Gilbert, Steve Cagle, Monae Fletcher, Diane Burton, Mary Wilson, Mary Tomlinson, Chris Henson, Gracie Porter, David Fox, Joanne Brannon, Steve Glover, Mark North, Kay Simmons, Sharon Gentry, and Edward Kindall.

[2]Anna Shepherd, Leonard Pogue, Deawndra Jenkins Holder, Julie Williams, Cheryl Mayes, Mike Hayes, Cynthia Gross, Sue Cain, Christy Feldman, and Tom Stovall.

In response to the motions to dismiss, the plaintiff appears to argue that the individual defendants have all been served. She contends that that she was discriminated and retaliated against, that the defendants are "playing by the game of being constantly crafty," and that she will "only get justice if this case is heard!" See Docket Entry No. 33, at 2.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the factual allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S.Ct. at 1950. A complaint

3

does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 1949 (quoting Twombly, 550 U.S. at 557).

## III. CONCLUSIONS

The motion to dismiss filed by Defendant Metro should be granted. Even when the plaintiff's pleadings are given a liberal construction because of her pro se status, the only causes of action that can be reasonably gleaned from her pleadings are claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., or the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., based upon her termination from employment in April 2009.

Exhaustion of administrative remedies through the timely filing of a charge of discrimination is a necessary prerequisite for a complaint alleging employment discrimination under Title VII or the ADA. See Parry v. Mohawk Motors of Mich., 236 F.3d 299, 308 (6th Cir. 2000), cert. denied, 533 U.S. 951 (2001); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989). Although the plaintiff filed an EEOC charge of discrimination asserting that her termination from employment was unlawful, her charge was not filed within 300 days of the alleged unlawful activity that was the subject of her charge of discrimination as is required by law. See 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002); Hall v. The Scotts Co., 211 Fed.Appx. 361, 363, 2006 WL 3218546, *1 (6th Cir. Nov. 7, 2006).[3] The 300 day limitations period begins to run when a plaintiff has knowledge of the employment decision, practice, or action at issue, not when a plaintiff becomes aware of the consequences of the act or when she believes it to be unlawful. Amini v. Oberlin College, 259 F.3d 493, 498-99 (6th Cir. 2001). Because the plaintiff's termination was a

---

[3] Because Tennessee has enacted state laws prohibiting employment discrimination, it is a "deferral state" for the purposes of federal discrimination statutes. Accordingly, the plaintiff has 300 days within which to file a charge of discrimination instead of 180 days as is the case in non-deferral states. See Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 375-76 (6th Cir.2002).

4

discrete act about which she was obviously aware, she was required to have filed a charge of discrimination about her termination within 300 days of April 16, 2009. The plaintiff simply did not timely pursue her Title VII and ADA claims, and her claims warrant dismissal on this basis.

The plaintiff has not shown any legal reason why her lawsuit should be considered timely filed. Indeed, in her response in opposition to the motion to dismiss, the plaintiff acknowledges that her action was filed "well passed beyond the statute of limitations approximately over 34 months." See Docket Entry No. 33, at 1. The fact that the plaintiff pursued administrative remedies against Metro for three years after her termination in an attempt to have the termination overturned under state law does not provide her with relief from the application of the statute of limitations because "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." Delaware State College v. Ricks, 449 U.S. 250, 261, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980) (citing Electrical Workers v. Robbins & Myers, Inc., 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976)).

To the extent that the plaintiff seeks to sue any of the 28 named individuals, she fails to set out any plausible legal causes of action against them and they should also be dismissed from the action.[4] First and foremost, the plaintiff fails to allege any specific facts regarding the named individuals, and her pleadings lack "factual content that allows the court to draw the reasonable inference that the [individual defendants are] liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949–50. Even under the basic pleading standards of Rule 8, her pleadings are insufficient to support claims upon which relief can be granted. Iqbal, supra; Twombly, supra. Because the complaint is woefully deficient in terms of supporting factual allegations, the complaint warrants dismissal. See Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 491, 2005 WL 3528921, *3 (6th Cir. Dec. 22, 2005) (lack of supporting factual allegations in complaint warranted

---

[4] This Report and Recommendation and the fourteen day period for objections to be filed by the plaintiff satisfy the procedural requirements for a sua sponte grant of dismissal under Rule 12(b)(6) for failure to state a claim. See Morrison v. Tomano, 755 F.2d 515, 516-17 (6th Cir. 1984). See also Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir. 1984).

dismissal of pro se plaintiff's claims); Elsman v. Standard Fed. Bank, 46 Fed.Appx. 792, 799, 2002 WL 31007987, *6 (6th Cir. Sept. 5, 2002) (conclusory assertions that defendants' actions violated federal and state law failed to adequately plead actionable claims). Furthermore, to the extent that the plaintiff seeks to name these individuals as defendants under either Title VII or the ADA, even assuming that her action was timely filed, she could not assert plausible claims against them because individual defendants who do not otherwise qualify as employers are not subject to suit under either of these two Acts. See Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000); Hiler v. Brown, 177 F.3d 542, 546 (6th Cir. 1999); Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997).[5]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Motion to Dismiss (Docket Entry No. 7) and Motion to Dismiss the Amended Complaint (Docket Entry No. 11) filed by Defendant Metro Nashville Board of Education be GRANTED;

2) all individually named defendants in the action be DISMISSED; and

3) this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[5] Defendants Pogue and Stovall filed motions to dismiss on March 12, 2012 (Docket Entry Nos. 36 and 38), in which they raise immunity arguments, in addition to arguments that the plaintiff's allegations fail to support plausible claims for relief and that the plaintiff's employment discrimination claims are not timely filed. Because the motions were only recently filed and the time for the plaintiff to respond has not yet expired, these two motions are not specifically addressed in this Report and Recommendation. Nonetheless, their dismissal is warranted for the reasons stated herein irrespective of the specific arguments raised in their motions.

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        *[signature: Juliet Griffin]*
        JULIET GRIFFIN
        United States Magistrate Judge